IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CASSANDRA JONES                                                                                    PLAINTIFF(S)

v.                                          No. 4:06CV00547 JLH

UNUM LIFE INSURANCE COMPANY OF AMERICA                                    DEFENDANT(S)

**OPINION AND ORDER**

Cassandra Jones commenced this action in the Circuit Court of Pulaski County, Arkansas, seeking damages against Unum Life Insurance Company of America for breach of the covenant of good faith and fair dealing and breach of contract. Unum removed the case to this Court pursuant to 28 U.S.C. § 1332 as Jones is a citizen of Arkansas, Unum is incorporated in Maine and has its principal place of business in a state other than Arkansas, and the amount in controversy exceeds $75,000. Before the Court is Unum's motion for summary judgment as well as Jones's motion to amend her complaint to add a count for breach of settlement agreement. For the following reasons, the Court grants both motions.

**I.**

A court should enter summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Cheshewalla v. Rand & Son Constr. Co.*, 415 F.3d 847, 850 (8th Cir. 2005). The party moving for summary judgment bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). If the moving party carries its burden, "the nonmoving party must come forward with 'specific facts

showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (quoting Fed. R. Civ. P. 56(e)). A genuine issue for trial exists only if there is sufficient evidence to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511. When a nonmoving party cannot make an adequate showing on a necessary element of the case on which that party bears the burden of proof, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2552.

**II.**

Jones was previously employed as an LPN for St. Vincent Infirmary. Unum issued a group insurance policy to Catholic Health Initiatives, the parent corporation of St. Vincent, insuring a long-term disability plan. The policy provides long-term benefits for a period of two years if the claimant is limited from performing his regular occupation and for a period beyond two years if the claimant is limited from performing any gainful occupation. The policy requires the insured to provide initial proof of the claim as well as proof of continuing disability. The policy sets a time limit for the initiation of legal proceedings of three years from the date proof of claim is required.

Jones submitted a claim for long-term disability benefits to Unum on November 29, 1999. Her doctor listed her symptoms as knee swelling and pain and noted that she had osteoarthritis and rheumatoid arthritis of the right knee. Unum then approved the claim for disability benefits based on the regular occupation standard for payment of benefits. Unum also informed Jones that, as of December 2001, her eligibility for benefits would be evaluated under an "any occupation" standard. In a series of three letters between June and September 2001, Unum requested that Jones provide ongoing documentation of her disability so that it might evaluate her claim under the "any occupation" standard.

According to Unum, Jones did not respond to any of these requests for information. Furthermore, by letter of October 15, 2001, Unum advised Jones that because of her failure to respond, Unum was closing her file and she would receive no further disability benefits. The letter also informed Jones of her right to appeal the adverse determination decision within ninety days of the date of the letter. According to Jones, she returned the requested information in September 2001. Furthermore, when Unum claimed it had not received the forms, it promised to contact Jones's health care providers directly and obtain the information from them and indicated that it would notify Jones if any further information was needed. Jones also states that she never received the letter dated October 15, 2001. Ultimately, Jones filed this action in March 2006.

### III.

Jones has brought claims for breach of contract and breach of the covenant of good faith and fair dealing. Both of these claims arise under Jones's long-term disability insurance policy, which she acquired through her employer, St. Vincent Infirmary. That contract provided that the time limit for legal proceedings under the policy must be brought within three years "from the time proof of claim is required . . . ." The Eighth Circuit has explained that statutes of limitations

> "establish[] a maximum, not a minimum" period. [*Hawkins v. Heritage Life Ins. Co.*, 63 Ark. App. 67, 71, 973 S.W.2d 823, 826 (1998).] Parties in Arkansas "are free to contract for a limitation period which is shorter than that prescribed by the applicable statute of limitations, so long as the stipulated time is not unreasonably short." [*Ferguson v. Order of United Commercial Travelers of Am.*, 307 Ark. 452, 456, 821 S.W.2d, 30, 32 (1991).] Thus, . . . the three-year contractual limitations period is enforceable under Arkansas law so long as it "is not unreasonably short." Both *Hawkins* and *Ferguson* held that a three-year limitation in an insurance policy is not unreasonable. Thus, . . . the Plan's contractual limitations period is enforceable under applicable state law . . . .
>
> Applying the Plan's three-year contractual provision, it is clear that [the plaintiff's] claim is time-barred.

*Wilkins v. Hartford Life and Accident Ins. Co.*, 299 F.3d 945, 948 (8th Cir. 2002). Similarly, it is clear that Jones's contract claims are also time-barred. Unum required proof of ongoing disability in 2001. Jones did not commence this action until March 2006, well past the three-year limit. Therefore, summary judgment is proper as to both of her claims arising under the policy, breach of contract and breach of the covenant of good faith and fair dealing.

Jones contends that the statute of limitations on her contractual claims has been tolled under the rule of *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 94 S. Ct. 756, 38 L. Ed. 2d 713 (1974), because she is a member of a class action filed in the Eastern District of Tennessee. However, this argument does not save her claims. To begin with, while courts might have power to toll statutes of limitations under *American Pipe*, they generally do not have power to alter contractual agreements. *Krupnick v. Ray*, 61 F.3d 662, 664 (8th Cir. 1995) ("The law of Arkansas provides that it is the duty of the court to construe the contract according to its unambiguous language without enlarging or extending its terms."); *Morrilton Sec. Bank v. Kelemen*, 70 Ark. App. 246, 248, 16 S.W.3d 567, 569 (2000) ("It is the court's duty to enforce valid agreements between the parties, not to rewrite them."). Rather, "the clear meaning of the contract must be enforced" by the court. *Stilley v. James*, 345 Ark. 362, 371, 48 S.W.3d 521, 528 (2001). Here, the insurance policy required Jones to bring all legal claims within three years of when proof of ongoing disability was required. In Arkansas, three years is not an unreasonable amount of time to allow an insured to bring a claim, and such a contract provision cannot be not "tolled." *See FDIC v. Hartford Accident & Indem. Co.*, 97 F.3d 1148, 1150-51 (8th Cir. 1996) (declining to apply a "tolling theory" to a contract and instead ruling that a "court must not impose its own concept of fairness under the guise of construing a contract. Where the parties make by agreement a fixed, unqualified limitation

that no suit or action on the policy shall be sustainable unless commenced within [a certain period], the parties are bound to their contract as written.").

Furthermore, according to the class complaint and the evidence before the Court, it appears that Jones is not a member of the putative class in the Eastern District of Tennessee. According to paragraph 16 of the class complaint, the class is defined as "All individuals with a long term disability policy issued by the Defendant corporations who . . . did not obtain the policy through a plan established by their employer . . . . Excluded from the Class are any plan participants and beneficiaries insured under an employee benefit plan." The first two paragraphs of Unum's Statement of Facts state that Unum issued a group insurance policy to Catholic Health Initiatives, the parent corporation of St. Vincent Infirmary, Jones's former employer. Pursuant to Local Rule 56.1(c), Jones has admitted these facts. Furthermore, the policy at issue directly states that the "policyholder means the Employer to whom the policy is issued" and that the persons eligible for coverage are those who are actively employed by the employer. Based on the face of the class complaint and the nature of Jones's policy, it appears that Jones is not a member of the putative class in the Eastern District of Tennessee, which would preclude the application of *American Pipe* and any potential tolling.

Jones contends that her claim for damages under the Arkansas Deceptive Trade Practices Act[1] is not time barred because the statute of limitations for the Act is five years rather than three.

---

[1] Unum contends that Jones first alleged a claim under the Arkansas Deceptive Trade Practices Act in her response to the summary judgment motion. However, Jones mentioned a violation of this Act in the first paragraph of her complaint. Although Jones did not plead any accompanying facts in her complaint, such facts need not be pled in federal court, as the "essential function of notice pleading 'is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Northern States Power Co. v. Federal Transit Admin.*, 358 F.3d 1050, 1056-57 (8th Cir. 2004) (quoting *Oglala Sioux Tribe of Indians v. Andrus*, 603 F.2d 707, 714 (8th Cir. 1979)).

However, Unum correctly notes that the Act does not apply to this transaction, as the first provision of the Act states that it does "not apply to . . . [a]ctions or transactions permitted under laws administered by the Insurance Commissioner," Ark. Code Ann. § 4-88-101(3) (Repl. 2001), which essentially includes all insurance activity in the State of Arkansas. Furthermore, Jones has not "come forward with specific facts showing that there is a genuine issue for trial," failing to provide facts that would establish liability for any of the deceptive and unconscionable trade practices listed in the Act. *See* Ark. Code Ann. § 4-88-107; *see also generally* Ark. Code Ann. § 4-88-101 to -607. Therefore, summary judgment in favor of Unum on any potential violation of the Arkansas Deceptive Trade Practices Act is also proper.

**IV.**

Jones has moved for leave to file an amended complaint, which would add a claim for breach of a regulatory settlement agreement. Although Jones could no longer amend her complaint as a matter of course, leave to amend a complaint shall be freely given by the Court when justice so requires. Fed. R. Civ. P. 15(a). In opposition to Jones's motion to amend, Unum argues that Jones has not stated a cognizable claim under the law because she is seeking damages rather than to enforce the terms of the regulatory settlement agreement.

However, without determining whether or not Jones would be entitled to damages or a right to reassessment under the settlement agreement,[2] the Court does conclude that Jones has alleged a

---

[2] Section B.2.d. of the regulatory settlement agreement states:

> If a claimant has pending litigation against the Company, is eligible under this Agreement to participate in the Claim Reassessment Process and decides to resubmit his or her claim for reassessment, then the Company may require the claimant to (i) take such action as is necessary to stay such litigation pending the Claim Reassessment Process, if the court will agree to such a stay . . . .

cognizable claim under Arkansas law.  According to the Arkansas Model Jury Instructions, a plaintiff can prevail on a breach of contract claim if she has proved: (1) that there was a contract, (2) that the contract required the defendant to perform a certain act, (3) that the plaintiff did what the contract required of her, and (4) that the defendant did not do what the contract required of it.  AMI Civil 2401 (2006).  Here, Jones has alleged that there is a contract to which she is a third-party beneficiary, that the contract required Unum to notify Jones of her right to reassessment, that Unum failed to do that, and that Jones has suffered damage as a result.  She has stated a cognizable claim, and because her rights under the agreement may have been infringed, the Court grants Jones's motion to amend her complaint.

## CONCLUSION

For the reasons stated in this Opinion and Order, Unum's motion for summary judgment is granted for all claims in Jones's original complaint.  Document #7.  The Court also grants Jones's motion to amend her complaint.  Document #10.  The Clerk of the Court will enter the amended complaint attached to Document #10 as Jones's amended complaint in this case.

IT IS SO ORDERED this 29th day of November, 2006.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

---

As Jones's only remaining claim is breach of the settlement agreement, and the grounds for the alleged breach were lack of notification, the Court would be willing to stay this litigation to allow the parties to determine amongst themselves whether Jones would be eligible for claim reassessment, and if so, what the result of such a reassessment would be.