**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

CASSANDRA JONES                                                                                   PLAINTIFF

v.                                            No. 4:06CV00547 JLH

UNUM LIFE INSURANCE COMPANY OF AMERICA                                    DEFENDANT

**OPINION AND ORDER**

Cassandra Jones commenced this action in the Circuit Court of Pulaski County, Arkansas, seeking damages against Unum Life Insurance Company of America for breach of the covenant of good faith and fair dealing and breach of contract. Unum removed the case to this Court pursuant to 28 U.S.C. § 1332 as Jones is a citizen of Arkansas, Unum is incorporated in Maine and has its principal place of business in a state other than Arkansas, and the amount in controversy exceeds $75,000. Previously, this Court granted summary judgment as to all of Jones's claims in the original complaint, but also granted Jones's motion to amend her complaint to add a count for breach of settlement agreement. Before the Court is Unum's motion for summary judgment as to that count. For the following reasons, the Court denies that motion.

**I.**

A court should enter summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Cheshewalla v. Rand & Son Constr. Co.*, 415 F.3d 847, 850 (8th Cir. 2005). The party moving for summary judgment bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).

If the moving party carries its burden, "the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (quoting Fed. R. Civ. P. 56(e)). A genuine issue for trial exists only if there is sufficient evidence to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511. When a nonmoving party cannot make an adequate showing on a necessary element of the case on which that party bears the burden of proof, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2552.

## II.

In November of 2004, Unum Life Insurance Company of America, along with its affiliates, entered into a Regulatory Settlement Agreement with the Superintendent of the State of Maine Bureau Insurance, the Commissioner of the Tennessee Department of Commerce and Insurance, the Commissioner of the Massachusetts Division of Insurance, the insurance regulators of each of the remaining States, the District of Columbia and American Somoa that adopted the Agreement, and the United States Department of Labor. Among other things, the Agreement provided that certain former policyholders would be entitled a right to reassessment of claims that had previously been denied. Jones asserts that she is one of these policyholders, and that Unum never notified her of this right in violation of the Agreement. Jones now sues Unum to enforce the Agreement as a third party beneficiary.

## III.

As a preliminary question, the parties dispute whether Jones's claim for breach of settlement agreement should be settled by the law of Arkansas or Maine. Under Arkansas law, the Court must

"first look to see if there has been an effective choice of law" by the parties. *Crisler v. Unum Ins. Co. of Am.*, 366 Ark. 130, __ S.W.3d __, 2006 WL 1118936, at *2 (2006). Section C(1) of the regulatory settlement agreement at issue clearly states: "This Agreement shall be governed by and interpreted according to laws of the State of Maine . . . ." In choosing whether to enforce a choice of law provision, courts have considered whether: (1) the chosen law bears a relationship to the contract, (2) the chosen law has a reasonable relationship to the transaction or the parties, (3) there are sufficient contacts between the selected jurisdiction and the transaction, (4) the choice of law was made in good faith, and (5) the choice of law was made without fraud. 17A AM. JUR. 2d *Contracts* § 262 (2004). The Maine Bureau of Insurance is a party to the contract at issue here, and Unum maintains its home office in Portland, Maine. There are sufficient contacts and relationships between and among the transaction, the parties, and the chosen law, and there is no evidence of lack of good faith or fraud. The choice of Maine law to govern the contract is effective.

Jones argues that Unum should be judicially estopped from arguing Maine law in this Court, as it argued Arkansas law in its previous motion for summary judgment. Unum, however, correctly notes that, in the prior motion, the settlement agreement was not at issue. Rather, a contract between Jones and Unum was under dispute, a contract that was agreed upon and executed in Arkansas, without a choice of law provision, and was therefore appropriately governed by Arkansas law. Unum did not therefore "waive reliance on Maine law," as Jones argues, nor should it be judicially estopped from relying on Maine law at the first appropriate time. Maine law governs the settlement agreement.

Unum contends that Jones has no enforceable right under the contract and therefore has no standing to bring suit. Jones counters that she is a third party beneficiary to the contract. Under

Maine law, "[i]n order for [the plaintiff] to survive a summary judgment motion and proceed as a third party beneficiary on a contract theory, he must generate a genuine issue of material fact on the issue of [the defendant's] intent that he receive an enforceable benefit under the contract." *Devine v. Roche Biomedical Labs.*, 659 A.2d 868, 870 (Me. 1995).  The Supreme Court of Maine has "relied on RESTATEMENT (SECOND) OF CONTRACTS § 302 in deciding whether a third party was an intended beneficiary who could enforce a contract." *Perkins v. Blake*, 853 A.2d 752, 754 (Me. 2004); *Fleet Bank of Me. v. Harriman*, 721 A.2d 658, 660 (1998); *F.O. Bailey Co. v. Ledgewood, Inc.*, 603 A.2d 466, 468 (Me. 1992).  Section 302 reads:

> (1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either
> > (a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or
> > (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.
> (2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.

RESTATEMENT (SECOND) OF CONTRACTS § 302 (1981).  To help distinguish between an intended and incidental beneficiary, the RESTATEMENT offers the following commentary and illustrations:

> [I]f the beneficiary would be reasonable in relying on the promise as manifesting an intention to confer a right on him, he is an intended beneficiary.
>
> 10. A, the operator of a chicken processing and fertilizer plant, contracts with B, a municipality, to use B's sewage system.  With the purpose of preventing harm to landowners downstream from its system, B obtains from A a promise to remove specified types of waste from its deposits into the system.  C, a downstream landowner, is an intended beneficiary under Subsection (1)(b).
>
> * * *
>
> 16. B contracts with A to erect an expensive building on A's land.  C's adjoining land would be enhanced in value by the performance of the contract.  C is an incidental beneficiary.

RESTATEMENT (SECOND) OF CONTRACTS § 302 cmt. d, illus. 10, 16.

The Supreme Court of Maine has further clarified that "the [plaintiff] must demonstrate that in order to effectuate the intention of the [parties to the contract], it is appropriate to recognize that the [plaintiff has] a right to performance and the circumstances indicate that [the defendant], as the promisee, intended to give the [plaintiff] the benefits of the promised performance." *Fleet Bank*, 721 A. 2d at 660. The Court must determine[1] the intent of the parties "from the language of the written instrument and the circumstances under which they were executed." *F.O. Bailey*, 603 A.2d at 468. Finally, Jones "must show more than that [she] benefitted from the contract; [she] must show that [the promisee] had a 'clear and definite' 'intent that [she] receive an enforceable benefit under the contract[].'" *Fleet Bank*, 721 A.2d at 660 (quoting *F.O. Bailey*, 603 A.2d at 468).

Unum contends that Jones was granted no rights by the contract. Jones cites several provisions of the contract that appear to indicate otherwise. The contract was "a plan of corrective action by [Unum] to address . . . concerns for the benefit of [Unum's] current and former policyholders and insureds, and a means of providing for the enforcement of such a plan." Also, Unum "considers it desirable for this matter to be resolved because this Agreement will provide substantial benefits to the Company's present and former policyholders and insureds." The Agreement provided that "[Unum] shall mail a notice . . . to all of the Specified Claimants advising that they may resubmit their claim for further review by the Claim Reassessment Unit established for that purpose." Here, Jones was a "Specified Claimant," and Unum has not contended otherwise. The Agreement also states that "the purpose of the Claim Reassessment Process provided for under

---

[1] "When contract language is ambiguous or uncertain, its interpretation is a question of fact to be determined by the factfinder, but when the language is clear, it is a question of law and can be resolved by the court." *F.O. Bailey*, 603 A.2d at 468. The contract at issue is unambiguous, and its interpretation is therefore a question of law. *Fleet Bank*, 721 A.2d at 659.

this Agreement is to offer an entirely optional method for claimants who wish to have their claims reassessed under these procedures."

The Agreement manifests a clear and definite intent that Jones receive an enforceable benefit. At least twice, the Agreement specifically states that former policyholders, such as Jones, would benefit from the "plan of corrective action." The Agreement sets out a process created to give current and former policyholders a new method for assessment of their claims as well as a requirement that they be notified of that right. It also sets out a scheme for these benefits to be enforced. The state commissions and regulators were not contracting for their own benefit, but rather for the benefit of Unum's policyholders. Following both *Fleet Bank* and § 302(1)(b) of the RESTATEMENT, in order to effectuate the intention of the parties to the Agreement, it is appropriate to recognize that Jones has a right to performance and the circumstances indicate that the parties to the Agreement intended to give the policyholders the benefits of the promised performance. Much like illustration ten in § 302 of the RESTATEMENT, the parties, Unum and the regulators, contracted for the benefit of third parties, the policyholders. Without the policyholders, whether former, current, or future, the Agreement is without purpose. The facts are distinguishable from both *F.O. Bailey* and illustration sixteen of § 302. In those cases, the contracts made perfect sense without the presence of any third party, the parties to the contract did not negotiate for the benefit of third parties, and any benefits to non-parties were incidental. In this case, the essential purpose of the Agreement was to provide a benefit to policyholders. The right to reassessment of a claim was not only intentional, it was the stated purpose of the Agreement. Unum's contention that it owed no promised performance to Jones is further belied by its assertion that it provided Jones notice of her right to reassessment, thereby fulfilling its contractual duty to her. The undisputed facts show that Jones is

an intended third party beneficiary of the Agreement.

Unum argues that Jones has no enforceable right under the Agreement as "the contract itself gives the claimant no right to enforce the contract's terms." However, the Supreme Court of Maine has not specifically required that third parties be given a right of enforcement in the contract in order to have standing to sue. In discussing this question, the Supreme Court of Maine has said both that an "incidental beneficiary cannot sue to enforce third party beneficiary rights," *F.O. Bailey*, 603 A.2d at 468, and that,

> In assessing the relevant circumstances, courts must be careful to distinguish between the consequences to a third party of a contract breach and intent of a promisee to give a third party who might be affected by that contract breach the right to enforce performance under the contract. If consequences become the focus of the analysis, the distinction between an incidental beneficiary and an intended beneficiary becomes obscured. Instead, the focus must be on the nature of the contract itself to determine if the contract necessarily implies an intent on the part of the promisee to give an enforceable benefit to a third party.

*Devine*, 659 A.2d at 870; *see also Fleet Bank*, 721 A.2d at 660 (intimating that if a party meets the definition of "intended beneficiary" in RESTATEMENT § 302, then it is "entitled to enforce a contract as a third-party beneficiary"). Thus, the Court should not focus on whether or not Jones and other policyholders have been given a "right to enforce performance of the contract" in order to refrain from obscuring the distinction between incidental and intended beneficiaries. Rather, the Court should focus on the contract and determine whether there is a clear and definite intent to give Jones an enforceable benefit. As mentioned, the Court concludes, based on the language of the contract, that Jones is an intended third party beneficiary under RESTATEMENT § 302 and the law of Maine. Jones therefore has an enforceable benefit, and she is entitled to enforce the contract.

Unum further argues that the Agreement at issue is in the nature of a consent decree, and

therefore not enforceable by third parties. *See Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 750, 95 S. Ct. 1917, 1932, 44 L. Ed. 2d 539 (1975) ("[A] well-settled line of authority from this Court establishes that a consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefitted by it."); *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 958 (8th Cir. 2002) ("[S]trangers to a consent decree generally do not have standing to enforce a consent decree."). "A consent decree is defined as '[a] *court decree* that all parties agree to.'" *Christina A. ex rel. Jennifer A. v. Bloomberg*, 315 F.3d 990, 993 n.4 (8th Cir. 2003) (quoting Black's Law Dictionary 419 (7th ed. 1999)) (distinguishing a consent decree from a private settlement agreement). The defining characteristic of a consent decree is not whether or not the government is a party to it, but rather whether it was entered by a court. The Agreement at issue was not a decree entered by a court.

Unum also asserts that Jones's claim fails as a matter of law because she does not seek to enforce the terms of the Agreement and seek reassessment of her claim, but rather, she seeks damages. Without determining what the appropriate remedy would be, this argument fails. Particular remedies need not be pled in federal court, as the "essential function of notice pleading 'is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Northern States Power Co. v. Federal Transit Admin.*, 358 F.3d 1050, 1056-57 (8th Cir. 2004) (quoting *Oglala Sioux Tribe of Indians v. Andrus*, 603 F.2d 707, 714 (8th Cir. 1979)). In her amended complaint, Jones pled that she seeks damages and "all other just and proper relief." This is sufficient to give Unum fair notice of the nature and basis for the claim, and a general indication of the type of litigation involved.

The final issue is whether there is a genuine dispute of material fact as to whether Unum

fulfilled its contractual duty and mailed Jones notice of her right to reassessment. According to Unum, the contract merely required that notice be mailed out to its former policyholders; it was not required that they receive the notice. Unum has attached copies of the letters that it says were sent to Jones providing the proper notice. "'To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence or a deposition that meets the requirements of Fed. R. Civ. P. 56(e). Documents which do not meet those requirements cannot be considered.'" *Shanklin v. Fitzgerald*, 397 F.3d 596, 602 (8th Cir. 2005) (quoting *Stuart v. General Motors Corp.*, 217 F.3d 621, 635-36 n.20 (8th Cir. 2000). The letters submitted by Unum are merely a response to a request for production and have not been authenticated and attached to an affidavit made on personal knowledge. Furthermore, Jones denies that any such letters ever arrived at the locations to which Unum claims to have sent them. Construing the facts in the light most favorable to the non-moving party, a genuine issue of fact exists as to whether Unum sent notice to Jones of her right to reassessment. Unum's motion for summary judgment is therefore denied.

## CONCLUSION

For the reasons stated in this Opinion and Order, the defendants' second motion for summary judgment is DENIED. Document #23.

IT IS SO ORDERED this 8th day of May, 2007.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE