**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

CASSANDRA JONES                                                                                    PLAINTIFF

v.                                              No. 4:06CV00547 JLH

UNUM LIFE INSURANCE COMPANY OF AMERICA                                      DEFENDANT

**OPINION AND ORDER**

In November of 2004, Unum Life Insurance Company of America, along with its affiliates, entered into a regulatory settlement agreement with the Superintendent of the State of Maine Bureau of Insurance, the Commissioner of the Tennessee Department of Commerce and Insurance, the Commissioner of the Massachusetts Division of Insurance, the insurance regulators of each of the remaining States, the District of Columbia and American Somoa that adopted the agreement, and the United States Department of Labor.  Among other things, the agreement provided that certain policyholders would be entitled to a reassessment of claims that had been previously denied.  Jones asserts that she is one of those policyholders and that Unum failed to notify her of her right to reassessment, as it was required to do by the regulatory settlement agreement.  Unum moved for summary judgment, arguing that Jones is not a third party beneficiary under Maine law, which governs the agreement, and because, Unum argues, it did send notice to Jones.  On May 8, 2007, this Court denied Unum's motion for summary judgment.  In denying Unum's motion for summary judgment, this Court held that Jones is a third party beneficiary of the regulatory settlement agreement under Maine law, that she can sue to enforce her rights under that agreement, and that a genuine issue of fact exists as to whether Unum sent her the notice required by the agreement.

Plaintiff has now filed a motion styled, "Plaintiff's Motion to Alter or Amend." The motion states, in pertinent part, "Unum has offered a substantial amount of money to settle this matter,

conditioned upon the Court vacating its Order denying Defendant's Motion for Summary Judgment." Plaintiff concludes by requesting "an Order vacating the Court's Order denying Defendant's Motion for Summary Judgment, and, upon vacation of this Order, for an Order dismissing this action with prejudice, with the Court retaining jurisdiction for thirty (30) days to enforce settlement." Unum has written a letter to the Court joining plaintiff's request.

The issue of whether a court should vacate a judgment when the parties have conditioned settlement upon vacatur of the judgment is the subject of numerous opinions and several scholarly articles.[1] As Daniel Purcell observes, "Typically, vacatur occurs when the party who loses at trial offers the winning party a sum of money in exchange for an agreement to vacate the judgment. Once a judgment is vacated, any collateral or preclusive effects the judgment might have had are generally abolished." Daniel Purcell, Comment, *The Public Right to Precedent: A Theory and Rejection of Vacatur*, 85 CAL. L. REV. 867, 867 (1997). Here, no judgment has been entered. The Court entered an order denying Unum's motion for summary judgment and wrote an opinion explaining the reasons for that order, but no judgment has been entered. Nothing has happened that would have preclusive effect.

Regardless of the possible wide-ranging scope of the agreement at issue, this Court's opinion

---

[1] *See, e.g.*, Elizabeth R.P. Bowen, *Routine Vacatur: The Supreme Court Strikes the Balance in Favor of Finality*, 3 FED. CIR. B.J. 259 (1993); Jill E. Fisch, *Rewriting History: The Propriety of Eradicating Prior Decisional Law Through Settlement and Vacatur*, 76 CORNELL L. REV. 589 (1991); Daniel Purcell, Comment, *The Public Right to Precedent: A Theory and Rejection of Vacatur*, 85 CAL. L. REV. 867 (1997); Kathleen M. Scanlon, *A Case for Judicial Accountability: When Courts Add a Settlement Detour to the Traditional Appellate "Path"*, 17 OHIO ST. J. ON DISP. RESOL. 379 (2002); Howard Slavitt, *Selling the Integrity of the System of Precedent: Selective Publication, Depublication, and Vacatur*, 30 HARV. C.R.-C.L. L. REV. 109 (1995); Charles A. Sullivan, *On Vacation*, 43 HOUS. L. REV. 1143 (2006); William D. Zeller, *Avoiding Issue Preclusion by Settlement Conditioned upon the Vacatur of Entered Judgments*, 96 YALE L.J. 860 (1987). The leading cases are discussed in these articles.

denying summary judgment would not have preclusive effect on any similar action anywhere. When parties settle without going to trial, there is no final, valid judgment on the merits, which is required in virtually every jurisdiction, including both Arkansas and Maine, for a litigant successfully to assert *res judicata*, or either of its components, claim preclusion and issue preclusion, the latter of which is also known as collateral estoppel. *See Dilday v. State*, __ Ark. __, __ S.W.3d __, 2007 WL 474042 (Feb. 15, 2007) ("As to res judicata, four elements must be met: (1) the first suit must have resulted in a final judgment on the merits . . . ."); *Parker v. Johnson*, __ Ark. __, __ S.W.3d __, 2006 WL 3446387 (Nov. 30, 2006) ("Arkansas law provides that the following elements must be present in order to establish collateral estoppel: . . . (3) the issue must have been determined by a final and valid judgment . . . ."); *Carmical v. City of Beebe*, 316 Ark. 208, 211, 871 S.W.2d 386, 388 (1994) ("The claim preclusion aspect of the doctrine bars relitigation in a subsequent suit when: (1) the first suit resulted in a judgment on the merits . . . ."); *Norton v. Town of Long Island*, 883 A.2d 889, 895 (Me. 2005) ("Claim preclusion . . . 'bars relitigation if: . . . (2) a valid final judgment was entered in the prior action . . . .'" (quoting *Macomber v. MacQuinn-Tweedie*, 834 A.2d 131, 139 (Me. 2003))); *State v. Hughes*, 863 A.2d 266, 268 (Me. 2004) ("Collateral estoppel, or issue preclusion, is the prong of res judicata that 'prevents the relitigation of factual issues already decided if the identical issue was determined by a prior final judgment . . . .'" (quoting *Cline v. Maine Coast Nordic*, 728 A.2d 686, 688 (Me. 1999))); 47 AM. JUR. 2d *Judgments* § 489 (2006) ("As a precondition to the application of the doctrine of collateral estoppel or issue preclusion, courts generally require that: . . . (2) the prior adjudication resulted in a final judgment on the merits . . . ."). Here, no final valid judgment on the merits has been entered. Therefore, this Court's opinion denying summary judgment would have no preclusive effect. Had the parties settled without making

the settlement contingent on vacating the order denying summary judgment, the effect would be the same: Jones's action would be dismissed with prejudice; there would be no final judgment on the merits; and the opinion of this Court denying summary judgment would have no preclusive effect.

The only case this Court has found addressing the issue of settlement conditions on vacatur of an order denying a motion for summary judgment is *IBM Credit Corp. v. United Home for Aged Hebrews*, 848 F. Supp. 495 (S.D.N.Y. 1994). In *IBM Credit*, the court reasoned, "Vacatur of a decision is appropriate where it benefits the parties but does not run counter to any public interest." *Id*. at 496. The court stated:

> Unlike an appellate court or an administrative agency, district court decisions are not treated as binding precedents in other cases. District court rulings have influence only to the extent that jurists in other cases find them convincing, as would indeed be the case with other forms of legal analysis.
>
> Once a decision has been filed and in the public domain, its influence beyond any effect on the parties is based solely upon future readers' views of its merit, whether vacated in connection with a settlement or not so vacated.
>
> [The] order denying plaintiff's and third party defendant IBM's motion for summary judgment has no collateral estoppel or other effect on specific parties now identifiable other than those to the case. It has no valid or binding precedential effect on other cases. Its sole effect beyond that on the immediate parties would be its persuasive, not precedential or binding effect, unaffected by the grant or denial of the motion to vacate.
>
> Accordingly, the interests of the parties favor vacatur and no harm to any public interest will be caused by granting the motion in this case, conditioned on the actual implementation of the settlement as indicated above.

*Id*. at 497 (citations omitted).

Here, the Court wrote an extensive opinion concluding that, under Maine law, Jones was a third party beneficiary to the regulatory settlement agreement between Unum and the Superintendent of the State of Maine Bureau of Insurance and other insurance regulators. For the reasons stated

above, that opinion has no preclusive effect. *Kay-R Elec. v. Stone & Webster Constr.*, 23 F.3d 55, 59 (2d Cir. 1994) ("As the Restatement . . . points out, for purposes of issue preclusion, a final judgment may include 'any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accepted conclusive effect.' The denial of a motion for summary judgment is not such." (citing RESTATEMENT (SECOND) JUDGMENTS § 13 (1982))). The only purpose of the opinion was to explain the order denying summary judgment. The effect of the order was to leave this case on track for trial. After the parties settle an action, there is no reason to leave an order in effect when the only purpose of the order was to continue the action toward trial.

For all of these reasons, the Court has decided to grant plaintiff's motion to alter or amend. Document #43. Vacating the order denying summary judgment and dismissing the action will not create any legal consequences different from the consequences of any other dismissal because of a settlement before trial. No one is harmed and no one is helped by vacating that order.

The Court may very well take a different view of a motion to vacate a judgment for the reasons stated in the scholarly literature cited above. *See McMellon v. United States*, No. 3:00-0582, 2007 WL 1029184 (S.D. W. Va. April 2, 2007); *Evans v. Mullins*, 130 F. Supp. 2d 774 (W.D. Va. 2001); *Aetna Cas. and Sur. Co. v. Home Ins. Co.*, 882 F. Supp. 1355 (S.D.N.Y. 1995).

A separate order will be entered dismissing this case with prejudice, with the Court retaining jurisdiction for 30 days to enforce the settlement agreement.

IT IS SO ORDERED this 11th day of May, 2007.

*/s/ J. Leon Holmes*
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE